IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00877-GPG

MR. ROBERT J. TRUBY,

    Plaintiff,

v.

SOLICITOR GENERAL OF THE UNITED STATES,
THOMAS HALE, Director, U.S. Bureau of Prisons,
DEBORAH DENHAM, Warden, FCI Englewood, and
JAMES ENGLEMAN, Associate Warden, FCI Englewood,
MICHAEL CONNEL, Associate Warden, FCI Englewood,
MR. MOTCHAN, Health and Safety Manager, FCI Englewood,
MR. HUDSON, Health Service Administrator, FCI Englewood,
DR. SANTINI, Clinical Director, FCI Englewood,
DR. KRAUS, (Retired) Clinical Director, FCI Englewood,
FRANKIE CORDOVA, Mid-Level Practitioner, FCI Englewood,
MS. COMER, Food Service Administrator, FCI Englewood, and
MR. N. HOUDESHELDT, Assistant Food Service Administrator, FCI Englewood,

    Defendants.

---

## ORDER TO FILE AN AMENDED COMPLAINT

---

On April 18, 2016, Plaintiff Robert J. Truby filed a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an amended complaint for the reasons stated below.

1

Each claim must identify a named defendant that personally participated in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Furthermore, the Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224. Plaintiff can demonstrate the existence of a constitutionally protected liberty interest only if the conditions of his confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life. *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012).

Finally, the "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the

3

prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Plaintiff fails to assert specific facts showing that the "but for" reason for retaliation is his filing grievances or lawsuits. He may not join separate and unrelated incidents against multiple defendants based on a conclusory statement of retaliation. *See Gillon v. Fed. Bureau of Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (finding that plaintiff could not join separate and unrelated claims arising out of different incidents based on an "overarching" allegation of retaliation). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that complies with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will address the claims as stated in the original Complaint pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED April 20, 2016, at Denver, Colorado.

BY THE COURT:



---

Gordon P. Gallagher
United States Magistrate Judge